JUSTICE TRIEWEILER
dissenting in part and specially concurring in part.
I dissent from the majority’s conclusion that the District Court did not abuse its discretion when it refused the defendant’s offered instruction on mitigated deliberate homicide.
Section 46-16-607(2), MCA, provides that “[a] lesser included offense instruction must be given when there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense.”
Section 46-l-202(8)(c), MCA, defines “included offense” as an offense that “differs from the offense charged only in the respect that ... a lesser kind of culpability suffices to establish its commission.”
Mitigated deliberate homicide, as defined in § 45-5-103, MCA, is a lesser included offense of deliberate homicide, as defined at § 45-5-102(l)(a), MCA.
The majority opinion states that Goulet did not present any evidence from which it could be found that he was under mental or *45 emotional distress at the time he stabbed Running Crane. However, Goulet did not need to present evidence to that effect; the State did so, and the majority opinion’s summary of the evidence is incomplete.
Dana Ingersoll, a detective for the City of Great Falls, testified that he interviewed Goulet shortly after Running Crane’s death and learned from him that, after leaving the Sailboat Lounge, Goulet and Running Crane got into a shoving match over a cigarette. Goulet advised the officer that Running Crane first pushed him and then swung at and hit him. He testified that when he swung at Running Crane, he missed him. They apparently both fell to the ground, and he then pulled a knife from his pocket to intimidate Running Crane. Goulet then told the officer that he hit Running Crane with the knife, but that it did not phase him. According to his statement, Running Crane came toward him aggressively again. That is when he first stabbed Running Crane. Goulet also told Officer Ingersoll that he was intoxicated at the time and that his intention, when first hitting Running Crane with the knife, was to get him to leave him alone.
Under these circumstances, I conclude that there was sufficient evidence for a jury to find that Goulet acted under extreme mental stress at the time that he inflicted the injuries on Running Crane which caused Running Crane’s death and, therefore, that the jury should have been given an instruction on mitigated deliberate homicide, as well as the instruction on deliberate homicide, so that it had the appropriate options when considering its verdict.
For these reasons, I dissent from the majority’s conclusion to Issue 1 that the District Court did not abuse its discretion by refusing Goulet’s proffered instruction on mitigated deliberate homicide.
I concur with the remainder of the majority opinion.